AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

FRANK ALEXANDER ACEVEDO,
aka "BANDIT."

Defendant

Case No.   2:22-mj-00084-duty

LODGED
CLERK, U.S. DISTRICT COURT
1/7/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
January 7, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 20, 2021 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Tsoler Kojayan
*Complainant's signature*

Tsoler Kojayan, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: January 7, 2022

*Judge's signature*

City and state: Los Angeles, California

Hon. Alka Sagar, U.S. Magistrate Judge
*Printed name and title*

AUSA: James A. Santiago

**AFFIDAVIT**

I, Tsoler Kojayan, being duly sworn, declare and state as follows:

**PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint and arrest warrant against Frank Alexander ACEVEDO, also known as "Bandit" ("ACEVEDO"), for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

**BACKGROUND OF TSOLER KOJAYAN**

3. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since 2010. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

4. I am currently assigned to a Criminal Gang Enterprise Squad at the Los Angeles Field Office of the FBI, which investigates criminal gang activity. I am also a member of the FBI Los Angeles Metropolitan Task Force on Violent Gangs, a multi-agency federal, state, and local gang task force.

5. As an SA, I have participated in investigations of various crimes, including assault, murder, gang activity, and firearms and narcotics trafficking. For the past ten years, I have primarily investigated violent street gangs involved in narcotics distribution crimes, gun crimes, racketeering crimes, and criminal conspiracies. I have also investigated the Mexican Mafia ("EME") prison gang -- its crimes, its members, and its associates -- and have interviewed EME-affiliated gang members regarding the organization's structure, rules, goals, and activities.

6. Throughout my investigations, I have used a variety of law enforcement techniques, including physical and electronic surveillance, controlled drug and gun buys, interviews of witnesses and subjects, use of confidential informants, and execution of search warrants. I have also been the affiant in Title III applications, monitored Title III communications, and conducted surveillance in conjunction with wiretap investigations.

7. As an SA, I have received training, both formal and informal, in investigating federal crimes, including federal narcotic, conspiracy, and racketeering crimes. Throughout my law enforcement career, I have discussed gangs, gang culture,

and gang operations with both experienced law enforcement officers and knowledgeable confidential sources.

8.  Through my experience and training, I have also become familiar with the illicit manner in which firearms are acquired and controlled substances are imported, manufactured, distributed, and sold. I have become familiar with the efforts of individuals engaged in the importation, smuggling, manufacturing, distribution, and sale of firearms to avoid detection and apprehension by law enforcement officers.

## SUMMARY OF PROBABLE CAUSE

9.  On or about August 20, 2021, a Los Angeles County Sheriff's Department ("LASD") deputy patrolling in the area of Pico Rivera conducted a traffic stop of a white Jeep SUV ("the Jeep") for a traffic violation. The driver, later identified as ACEVEDO,[1] told the deputy he was on probation. The deputy asked ACEVEDO to exit the Jeep, and detained him pending verification of his identity and status. A records check revealed that ACEVEDO was on active parole. The deputy conducted a search of the Jeep and located in the center console a loaded Ruger handgun.

## STATEMENT OF PROBABLE CAUSE

10. Based on my review of law enforcement reports and body worn camera footage, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

---

[1] ACEVEDO is a documented member of the street gang Pico Nuevo with the moniker of "Bandit."

### A. August 20, 2021: LASD Deputy Conducts Traffic Stop of a White Jeep

11. My review of an LASD arrest report dated August 20, 2021, as well as body worn camera footage from an LASD deputy, revealed the following:

12. On August 20, 2021, LASD Deputy Gomez was patrolling in the area in Pico Rivera, in Los Angeles County, in a marked black and white police car. Deputy Gomez conducted a traffic stop of a white Jeep SUV with California license plate 8EDY073 (the "Jeep") for passing the white limit line of a stop sign, a violation of California Vehicle Code Section 22450(a). As Deputy Gomez approached the driver, he recognized him as ACEVEDO, whom he knew as a Pico Nuevo gang member with the moniker "Bandit." Deputy Gomez asked ACEVEDO for his driver's license and asked if he was on probation or parole. ACEVEDO told Deputy Gomez he was on probation. Deputy Gomez ordered ACEVEDO out of the Jeep and detained him in the police car. ACEVEDO said he had just bought the car and was testing it out.

### B. LASD Deputy Detains ACEVEDO and Finds A Loaded Firearm In The White Jeep

13. While ACEVEDO was detained in the back of the police car, Deputy Gomez conducted a records checks of ACEVEDO, which revealed that ACEVEDO was on active parole for a prior conviction for California Penal Code Section 29800(a)(1), a felon in possession of a firearm.

14. Deputy Gomez conducted a parole compliance check on the Jeep and located a handgun in the center console of the Jeep.

15. The firearm was a black Ruger, Model P89, 9mm caliber pistol, with serial number 304-98809, loaded with two rounds of ammunition.

16. Deputy Gomez arrested ACEVEDO for being a felon in possession of a firearm and ammunition.

17. The LASD Scientific Services Bureau conducted DNA testing and concluded that ACEVEDO's DNA was a contributor to DNA obtained from the firearm.

    **C.    ACEVEDO's Statements**

18. After his August 20, 2021 arrest, Deputy Gomez read ACEVEDO his Miranda rights. ACEVEDO denied having knowledge of the firearm found in his car.

    **D.    ACEVEDO's Criminal History**

19. I reviewed criminal history records for ACEVEDO and learned that ACEVEDO has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a.    On or about March 3, 2009, a violation of California Penal Code Section 422, Threaten Crime with Intent to Terrorize, in the Superior Court for the State of California, County of Los Angeles, Case Number VA109123.

    b.    On or about April 23, 2009, a violation of California Penal Code Section 4573, Bringing a Controlled Substance in Prison, in the Superior Court for the State of California, County of Los Angeles, Case Number BA355390.

    c.    On or about April 23, 2009, a violation of California Health and Safety Section 11351, Possession of

Controlled Substance, in the Superior Court for the State of California, County of Los Angeles, Case Number BA355390.

  d. On or about June 17, 2014, a violation of California Penal Code Section 29800(a)(1), Felon in Possession of a Firearm, in the Superior Court for the State of California, County of Los Angeles, Case Number VA135544.

  e. On or about July 19, 2018, a violation of California Penal Code Section 29800(a)(1), Felon in Possession of a Firearm, in the Superior Court for the State of California, County of Los Angeles, Case Number VA148171.

  f. On or about January 24, 2020, a violation of California Penal Code Sections 664-459, Attempted Burglary, in the Superior Court for the State of California, County of Los Angeles, Case Number VA148641.

 **E.** **Interstate Nexus**

 16. I reviewed an FBI Interstate Nexus Expert report documenting a December 20, 2021 examination of the handgun that was seized from ACEVEDO on August 20, 2021.  The report confirmed that the handgun was manufactured outside of the State of California.  Because the handgun was found in California, I believe that it has traveled in and affected interstate commerce.

//
//
//

## CONCLUSION

20. For all of the reasons described above, there is probable cause to believe that ACEVEDO has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __7th__ day of
__January__, 2022.

_____
THE HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE